J. Carmen **GUADARRAMA-ROGEL,**
**Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 80–7072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1980.

Decided Feb. 5, 1981.

Frederick Hetter, San Diego, Cal., for petitioner.

Frank O. Bowman, III, Dept. of Justice, Washington, D. C., argued for respondent; Gregory C. Weiss, Washington, D. C., on brief.

Before CHAMBERS and ALARCON, Circuit Judges and LARSON,* District Judge.

ALARCON, Circuit Judge:

J. Carmen Guadarrama-Rogel seeks review of the Board of Immigration Appeals (BIA) decision denying his application for suspension of deportation. We affirm.

FACTS

Guadarrama-Rogel is a 45 year old native and citizen of Mexico. In 1962 he married another native and citizen of Mexico. There are four children from this marriage,

* Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

all of whom were born in and continue to live in Mexico. The last child was born in 1971.

In 1968 Guadarrama-Rogel entered the United States as a permanent resident on the basis of a second marriage. His putative spouse was a permanent resident. In deportation hearings instituted in 1973, Guadarrama-Rogel was ordered deported because the second marriage was a fraud, there being no valid dissolution of the first marriage. Guadarrama-Rogel seeks a suspension of deportation.

Guadarrama-Rogel lives with his parents, who are permanent residents of the United States. His father is approximately 60 years old; his mother is approximately 54. They are dependent on Guadarrama-Rogel for a portion of their economic support and emotional support. Neither parent speaks English.

Guadarrama-Rogel is employed as a foreman on a ranch. If he were deported to Mexico, his employment opportunities would decrease, making it difficult for him to share income with his parents, and support his four children in Mexico. After considering all the circumstances raised by Guadarrama-Rogel, the immigration judge (IJ) found that Guadarrama-Rogel did not qualify for suspension of deportation because he failed to satisfy the "extreme hardship" requirement. The BIA affirmed.

### ANALYSIS

Under 8 U.S.C. section 1254(a) (1970), the Attorney General has the discretion to suspend the deportation of any alien who satisfies certain statutory prerequisites. Aliens such as Guadarrama-Rogel, who are found deportable as being excludable at time of entry, will be statutorily eligible for suspension of deportation if: (1) they have been continuously present in the United States for at least seven years immediately preceding the date of their application; (2) during that period they were of good moral character; and (3) in the opinion of the Attorney General, deportation would "result in extreme hardship to the alien, or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. section 1254(a)(1) (1970).

■ Guadarrama-Rogel argues that the BIA must grant suspension of deportation unless clear, unequivocal and convincing evidence has been presented in support of denying the application. He relies on *Woodby v. I & NS*, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966), for this proposition. His reading of the law is erroneous. *Woodby* holds only that deportability must be shown by this standard. *Id.* at 285–86, 87 S.Ct. at 487–88. Here, deportability is conceded and only suspension of deportation is contended. In a suspension case the burden is on the alien to demonstrate statutory eligibility and that the equities merit favorable exercise of discretion. 8 C.F.R. section 242.17(d) (1980); *Villena v. I & NS*, 622 F.2d 1352, 1357 (9th Cir. 1980) (en banc).

Guadarrama-Rogel was held to be statutorily ineligible for suspension of deportation for failure to satisfy the extreme hardship requirement.[1] He claims this finding is in error.

■ Extreme hardship is a discretionary determination, and the administrative determination is reviewable by this court only for abuse of discretion. We held, in *Wang v. I & NS*, 622 F.2d 1341 (9th Cir. 1980) (en banc), and *Villena v. I & NS*, 622 F.2d 1352 (9th Cir. 1980) (en banc), that discretion is abused if the IJ and BIA do not consider all relevant factors. A review of the record in this case shows that all relevant factors were considered and that Guadarrama-Rogel has not carried his bur-

---

1. Guadarrama-Rogel contends that IJ found that he did not satisfy the good moral character requirement, and in doing so considered improper factors. Because we find that the IJ did not err in finding Guadarrama-Rogel did not satisfy the "extreme hardship" requirement, and suspension of deportation was therefore properly denied, we do not need to reach the moral character issue.

den to establish his statutory eligibility for suspension of deportation.

The IJ and the BIA considered the economic hardship of deportation both to Guadarrama-Rogel himself, and to his parent.[2] The personal hardship to the parents also was considered, with the IJ noting that the parents had three other sons living in the United States, who might possibly provide the same assistance Guadarrama-Rogel supplied.

Guadarrama-Rogel claims that *Chan v. I & NS*, 610 F.2d 651 (9th Cir. 1979), requires a finding of undue hardship here. We disagree. The *Chan* court remanded because the BIA failed to consider the hardship caused by deportation on the Chan's family and professions. In this case, however, these hardships were fully considered and no extreme hardship was found. In reach-ing this conclusion, the IJ noted that Guadarrama-Rogel: (1) is not of advanced age and is in good health; (2) has no business or property to dispose of; (3) accumulated a portion of the seven years presence necessary for suspension of deportation after deportation proceedings were instituted; (4) has a wife and four children in Mexico; and (5) has three brothers in California who could assist their parents if they need care. Under these circumstances it is not an abuse of discretion to conclude the statutory requirement of extreme hardship is not shown.

AFFIRMED.

2. Because Guadarrama-Rogel's parents are permanent residents of the United States, the hardship they would suffer from their son's deportation is to be considered in a finding of "extreme hardship." 8 U.S.C. section 1254(a)(1) (1970).