117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Austreberto Rivera, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70894, Alg-rhn-hpz.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Austreberto Rivera, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (VIBIAII) dismissing his appeal of the immigration judge's ("IJ") order denying his application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 Rivera contends that the BIA abused its discretion in finding that his deportation would not result in extreme hardship. This contention lacks merit.
 
 
 4
 Because the BIA incorporated the IJ's reasoning, we treat the IJ's denial of suspension of deportation as the BIA's and review the IJ's decision for abuse of discretion. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995); Tukhowinich v. INS, 64 F.3d 460, 465 (9th Cir.1995).
 
 
 5
 An alien seeking suspension of deportation must show deportation will result in extreme hardship to him or his qualifying spouse, parent or child. See 8 U.S.C. § 1254(a)(1) (1995). The IJ may define extreme hardship narrowly. See INS v. Wang, 450 U.S. 139, 145 (1981); Tukhowinich, 64 F.3d at 463. Yet, the IJ must consider all factors cumulatively if suspension of deportation is warranted. See Watkins v. INS, 63 F.3d 844, 850 (9th Cir.1995).
 
 
 6
 Here, the IJ did not abuse its discretion in finding that Rivera failed to establish extreme hardship. See Alaelua, 45 F.3d at 1382. Although Rivera claimed he would face economic hardships in Mexico, he offered no evidence that it would be impossible for him to return to any of his former jobs as a cab driver or carpenter. See Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996) (holding that reduced job opportunities and lower standard of living do not constitute extreme hardship). In fact, Rivera admitted that his brother, who is a cab driver in his hometown, could help him get his job back. See id. Further, it was noted that at the time of the hearing, Rivera was only thirty-one years old and in good health. See Guadarrama-Rogel v. INS, 638 F.2d 1228, 1230 (9th Cir.1981). He was not involved in any community activities, and Spanish remained his primary language. See Carnalla-Munoz v. INS, 627 F.2d 1004, 1007 (9th Cir.1980).
 
 
 7
 Moreover, Rivera's United States citizen children are young and are in good health. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980) (noting that child's young age would minimize readjustment difficulties). Even though Rivera testified that he would leave his children with his only resident alien brother in the United States, he submitted no affidavit of his intentions and no evidence of any legitimate arrangements. See Perez, 96 F.3d at 393. While Rivera will be separated from his one brother who legally resides here and an illegal sister, Rivera's mother and four other siblings live in Mexico. See Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983) (holding that hardship resulting from separation from extended family would be alleviated by immediate family relatives living in alien's homeland).
 
 
 8
 The IJ considered all these factors and therefore did not abuse its discretion in determining that Rivera would not suffer extreme hardships if deported. See Tukhowinich, 64 F.3d at 463.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of section 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)