122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Santiago Enrique CENTENO-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71099, Ahv-dnl-thz.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Santiago Enrique Centeno-Lopez, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision denying Centeno-Lopez's request for suspension of deportation under 8 U.S.C. § 1254(a)(1) for lack of extreme hardship. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 5
 Centeno-Lopez contends that the BIA erred in finding that his deportation would not result in extreme hardship. We disagree.
 
 
 6
 Because the BIA incorporated the IJ's reasoning, we treat the IJ's denial of suspension of deportation as the BIA's and review the IJ's decision for abuse of discretion. See Gonzalez v. INS, 82 F.3d 903, 907 (9th Cir.1996) (citing Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995)); Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). An alien seeking suspension of deportation must show that deportation will result in extreme hardship to him or his qualifying spouse, parent or child. See 8 U.S.C. § 1254(a)(1). The BIA has "discretion to construe 'extreme hardship' narrowly ... as long as it considers all relevant factors to the hardship determination and states its reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (citations omitted).
 
 
 7
 Here, the IJ did not abuse its discretion in determining that Centeno-Lopez failed to demonstrate extreme hardship. See Tukhowinich, 64 F.3d at 463. Centeno-Lopez claimed that he would experience difficulties upon his return to Nicaragua because he "deserted the Popular Sandinista Army." Aside from his conclusory statements, however, Centeno-Lopez offered no evidence to substantiate this claim. See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994) (holding alien's generalized and unsupported statements insufficient to establish extreme hardship). Centeno-Lopez also claimed that his girlfriend and her children would experience hardship as a result of his deportation. But, as properly noted by the IJ, unrelated third parties cannot be considered in evaluating extreme hardship. See INS v. Hector, 479 U.S. 85, 88 (1986) (per curaim) (holding BIA should only consider hardship to a spouse, parent, or child).
 
 
 8
 In addition, Centeno-Lopez contends that the IJ failed to consider the cumulative effect of all factors relevant to his claim of extreme hardship. Contrary to this contention, however, the IJ explicitly considered all factors presented in support of Centeno-Lopez's claim, both individually and cumulatively. See Ramirez-Durazo, 794 F.2d at 498.[2] Furthermore, the IJ supported his conclusions with reasoned explanations. See id. Accordingly, the IJ did not abuse its discretion in determining that Centeno-Lopez was ineligible for suspension of deportation. See Tukhowinich, 64 F.3d at 463.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government contends that Centeno-Lopez does not meet the seven year continuous physical presence requirement under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the IIRIRA
 
 
 [2]
 Such factors included Centeno-Lopez's military desertion, age, length of residence in the United States, good health, church attendance, education, employment skills, and lack of community ties. See Guadarrama-Rogel v. INS, 638 F.2d 1228, 1230 (9th Cir.1981). The IJ also considered that Centeno-Lopez's primary language remained Spanish, and that his entire immediate family resided in Nicaragua. See Ramirez-Durazo, 794 F.2d at 498 (noting that hardship would be alleviated by relatives living in homeland)