122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Agustin GOMEZ-ROSALES; Maria Guadalupe Molia-Gomez, a.k.a.
Maria Guadalupe Molina Serna, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71132, Atv-zqq-kiy, Apg-kur-eky.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals.
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Agustin Gomez-Rosales and Maria Guadalupe Molina-Gomez ("petitioners"), natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the immigration judge's order denying their applications for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 5
 Petitioners contend that the BIA abused its discretion in finding that their deportation would not result in extreme hardship. We disagree.
 
 
 6
 We review for abuse of discretion the BIA's determination that an alien has failed to establish extreme hardship. See Tukhowlnich v. INS, 64 F.3d 460, 463 (9th Cir.1995).
 
 
 7
 An alien seeking suspension of deportation must show deportation will result in extreme hardship to him or his qualifying spouse, parent or child. See 8 U.S.C. § 1254(a)(1) (1994). The BIA may define "extreme hardship" narrowly. See Tukhowinich, 64 F.3d at 463. The BIA, however, must consider all factors cumulatively if suspension of deportation is warranted. See Watkins v. INS, 63 F.3d 844, 850 (9th Cir.1995).
 
 
 8
 Here, the BIA did not abuse its discretion in finding that petitioners failed to establish extreme hardship. See Tukhowinich, 64 F.3d at 463. Although petitioners claimed they would face economic hardships in Mexico, they offered no evidence that it would be impossible for them to find jobs based on their education and skills, with the assistance of their family. See Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996) (holding that reduced job opportunities and lower standard of living do not constitute extreme hardship). Further, the BIA noted that petitioners were only thirty years old and twenty-four years old, respectively, and in good health. See Guadarrama-Rogel v. INS, 638 F.2d 1228, 1230 (9th Cir.1981). Because petitioners have not been actively involved in community activities and Spanish remained their primary language, there is no evidence of substantial integration into American culture. See Carnalla-Munoz v. INS, 627 F.2d 1004, 1007 (9th Cir.1980).
 
 
 9
 Moreover, the BIA concluded that petitioners' four United States citizen children could easily adjust to life in Mexico because they are young, in good health, and speak Spanish. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (noting fact that family spoke Spanish would ease children's transition to Mexican society and schools); Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980) (noting that child's young age would minimize readjustment difficulties). While petitioner Molina-Gomez will be separated from her father, three siblings and friends, she still has two siblings in Mexico; petitioner Gomez-Rosales would be reunited with his parents and eight siblings in Mexico. See Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983) (holding that hardship resulting from separation from extended family would be alleviated by immediate family relatives living in alien's homeland); see also Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994) (holding that the "uprooting of family" and "separation from friends" does not amount to extreme hardship).
 
 
 10
 The BIA considered all these factors and therefore did not abuse its discretion in determining that petitioners would not suffer extreme hardships if deported. See Tukhowinich, 64 F.3d at 463; Watkins, 63 F.3d at 850.[2]
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 Petitioners also contend that the BIA erred by failing to fully state its reasons for denying their request for suspension of deportation. This contention lacks merit because the BIA's decision reflects consideration of all relevant factors regarding extreme hardship, with articulated reasons for denying suspension. See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994)