107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Esperanza MORALES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70672.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Esperanza Morales, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' (BIA) denial of her application for suspension of deportation under 8 U.S.C. § 1254(a). Morales contends that she established that she and her United States citizen daughter would suffer extreme hardship if deported to Honduras. We deny the petition for review.
 
 
 3
 To establish the extreme hardship necessary to qualify for suspension of deportation, the applicant must establish "hardship that is 'unusual or beyond that which would normally be expected upon deportation.' " Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996) (quoting Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991)).
 
 
 4
 Morales, who worked as a housekeeper in the United States, testified that she would suffer economic hardship if deported because she would have trouble finding a job in Honduras, and food and everything else would cost more there. If she left her seven-year-old daughter Jennifer in the United States, their separation would be "very painful." Morales testified that she participated in Jennifer's school activities, attended church every week, and had some other relatives in the United States.
 
 
 5
 The BIA did not abuse its discretion by concluding that the level of economic hardship described by Morales was insufficient. See id. (lower standard of living and fewer job opportunities do not amount to extreme hardship). Moreover, her testimony that her four other children, three grandchildren, and mother lived in Honduras and that she owned a house there demonstrated significant ties to Honduras. See id.
 
 
 6
 Morales testified that if she took Jennifer with her to Honduras, the child would not get as good an education as in the United States. Jennifer, however, testified that she spoke both English and Spanish and knew her relatives in Honduras. The BIA did not err by concluding that Jennifer's adjustment to Honduras would not amount to extreme hardship. See id. ("adjusting to a new language, culture and educational environment are what would normally be expected with any child accompanying a deported alien to a foreign country").
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3