110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Ricardo RANGEL-MEDEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70324.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Awt-uvl-ebx.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW GRANTED.
 
 
 4
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 Jose Ricardo Rangel-Medel, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") Rangel-Medel's request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition.
 
 
 7
 We review for an abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). "The BIA is free to construe extreme hardship narrowly," and we may reverse "only if the BIA's exercise of its discretion was arbitrary, irrational, or contrary to law." Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986) (citations omitted). The BIA abuses its discretion by attributing the hardship posed by family separation to "parental choice not deportation." Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996). The petitioner, however, must present "sufficient evidence to support his claim of extreme hardship based on the potential separation of his family." Id. at 393.
 
 
 8
 Rangel-Medel contends that the BIA abused its discretion by finding that any hardship to his two United States citizen children resulting from his deportation would be "parental choice." We agree.
 
 
 9
 Here, Rangel-Medel testified that, if deported, his two citizen children would remain with his wife in the United States because "it's best for them." When asked how his wife and children would support themselves in the United States, Rangel-Medel stated that they would receive support from his wife's legal resident brother. The BIA, relying on Matter of Ige, Int.Dec. 3230 (BIA1994), refused to address the hardship that would ensue if his two citizen children remained in the United States on the ground that "any hardship the children might face if left in the United States [would be] the result of parental choice, not of the parent's deportation." Furthermore, because the BIA failed to address the hardship that the children might face if left in the United States, it necessarily failed to determine whether Rangel-Medel presented sufficient evidence of an intent to separate his family. See Perez, 96 F.3d at 393 (claim of extreme hardship based on potential family separation rejected where there was no evidence of an intent to separate family or arrangements for child's care). This was an abuse of discretion. See id. at 392. We therefore remand to allow the BIA to consider whether Rangel-Medel presented sufficient proof of an intent to separate his family and, if so, whether the separation of Rangel-Medel from his children by itself, or combined with all other relevant factors raised by Rangel-Medel, would result in extreme hardship, either to himself or to the children. See id.; see also Gutierrez-Centeno v. INS, 99 F.3d 1529, 1535 (9th Cir.1996) (BIA must consider total cumulative effect on petitioner of all the relevant factors); Kashefi-Zihagh, 791 F.2d at 709.
 
 
 10
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3