113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcial Garcia RESENDIZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70703.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Asu-yhu-mtq.
 BIA
 REVIEW DENIED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcial Garcia Resendiz ("Garcia"), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the immigration judge denying his request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 3
 We review for abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). The BIA may define extreme hardship narrowly, and we may not substitute our own definition of extreme hardship for that of the BIA. See INS v. Jong Ha Wang, 450 U.S. 139, 144 (1981). However, failure by the BIA to consider all "facts regarding extreme hardship, or failure to articulate the reasons" for its conclusions, is an abuse of discretion. Tukhowinich, 64 F.3d at 463.
 
 
 4
 Garcia contends that the BIA abused its discretion by finding that he and his children would not suffer extreme hardship if he was deported. This contention lacks merit.[2]
 
 
 5
 To qualify for suspension of deportation an alien must show, among other things, extreme hardship to the alien or to a qualifying relative such as a United States citizen child. See 8 U.S.C. § 1254(a)(1). "Extreme hardship" is hardship that is "unusual or beyond that which would normally be expected" upon deportation. Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996) (citation and internal quotations omitted); Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). The "common results of deportation" are insufficient to establish extreme hardship. Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). A potentially lower standard of living and fewer job opportunities in the alien's native country does not constitute extreme hardship. See Perez, 96 F.3d at 392; cf. Santana-Figueroa v. INS, 644 F.2d 1354, 1357 (9th Cir.1981) (holding that if aged person has no means of support and may experience "untreated illness, malnutrition, or starvation," extreme hardship may be found).
 
 
 6
 Here, the BIA properly found that Garcia's hardship was not extreme because similar hardships are presented by many aliens who have lived in this country for many years. See Perez, 96 F.3d at 392; Ramirez-Durazo, 794 F.2d at 498. The BIA considered Garcia's economic hardship, and noted that Garcia's youth, good health, ability to speak Spanish, and immediate family in Mexico were factors that should help him find employment in Mexico. See Ramirez-Durazo, 794 F.2d at 498 (holding that reduced job opportunities and lower standard of living do not rise to level of extreme hardship and noting the presence of immediate family in Mexico and the fact that petitioner's family spoke Spanish); cf. Santana-Figueroa, 644 F.2d at 1356-57 (noting that advanced age and injury could result in complete inability to find employment). The BIA noted that while deportation would separate Garcia from his extended family and friends in the United States, it would actually reunite Garcia with his parents and siblings in Mexico. See Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1982) (holding that hardship resulting from separation from extended family would be alleviated by immediate family living in alien's homeland); see also Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994) (holding that the "uprooting of family" and "separation from friends" does not amount to extreme hardship); Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1989) (holding that severance of community ties occurs every time a person relocates and thus does not constitute extreme hardship).
 
 
 7
 The BIA also properly considered hardship to Garcia's children and concluded that Garcia's children would readily adjust to life in Mexico. The BIA noted that one child was nine months old and the other was six years old, that the children were in good health, and that the older child spoke Spanish. See Perez, 96 F.3d at 392 (holding that a citizen child's adjustments "to a new language, culture and educational environment are what would normally be expected with any child accompanying a deported alien to a foreign country"); Ramirez-Durazo, 794 F.2d at 798 (noting fact that family spoke Spanish would ease children's transition to Mexican society and schools); Patel, 638 F.3d at 1205 (noting that child's young age would minimize readjustment difficulties). Because Garcia testified that there was no one with whom he could leave his children in the United States if he was deported, the BIA properly did not consider the hardship he and his children would face from potential separation. See Perez, 96 F.3d at 393 (holding that absent evidence of legitimate arrangements for the care of the petitioner's children in the United States, the BIA need not consider hardship due to family separation).
 
 
 8
 Because the BIA considered "all pertinent facts regarding extreme hardship" and articulated the reasons for its conclusions, it did not abuse its discretion in concluding that deportation would not cause extreme hardship. See Tukhowinich, 64 F.3d at 463.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 To qualify for suspension of deportation, an alien must establish three elements: physical presence in the United States for at least seven years, good moral character, and extreme hardship to the alien or to a qualifying relative. See 8 U.S.C. § 1254(a)(1). Because we find that Garcia has not established extreme hardship, we need not consider his contention that the BIA erred in finding that he did not satisfy the continual physical presence requirement because his 1990 departure from the United States was a "voluntary departure under threat of deportation." See Hernandez-Luis v. INS, 869 F.2d 496, 498-99 (9th Cir.1989) (holding that voluntary departure under threat of coerced deportation interrupted continuous presence). We also will not address Garcia's contention that even if the 1990 departure was a "voluntary departure under threat of deportation," it should not interrupt his continuous presence because the INS did not follow its regulations governing such departures and thus violated Garcia's due process rights. See id