114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Geronimo CORDOVA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70007.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1997.*
Decided May 29, 1997.
 
 1
 Before: THOMPSON and T.G. NELSON, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Geronimo Cordova, a citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) decision denying his application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.
 
 DISCUSSION
 
 4
 Cordova argues the BIA failed to sufficiently set forth reasons for the denial of his request for suspension of deportation and erred by determining that he would not suffer extreme hardship if deported. The Attorney General has discretion to suspend deportation if Cordova demonstrates he
 
 
 5
 (1) has been present in the United States for a period of not less than seven years; (2) is a person of good moral character; and (3) "is a person whose deportation would ... result in extreme hardship to the alien or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."
 
 
 6
 Cerrillo-Perez v. INS, 809 F.2d 1419, 1421 (9th Cir.1987) (quoting 8 U.S.C. § 1254(a)(1)).
 
 
 7
 The BIA sufficiently set forth its reasons for the denial. In its decision, the BIA stated it considered the standards set forth in Matter of Anderson, 16 I. & N. Dec. 596 (BIA 1978). In Anderson, the only issue addressed by the BIA was whether a petitioner demonstrates extreme hardship by showing the economy is severely depressed in the country to which he or she will be deported. The BIA concluded "financial hardship in the absence of substantial additional equities has not been a persuasive factor" in determining extreme hardship. Id. at 597. The BIA reasoned that, although financial hardship is a factor for consideration,
 
 
 8
 the United States enjoys a standard of living higher than that in most of the other countries of the world. For this reason, most deported aliens will likely suffer some degree of financial hardship. Nonetheless, we do not believe that Congress intended to remedy this situation by suspending the deportation of all those who will be unable to maintain the standard of living at home which they have managed to achieve in this country.
 
 
 9
 Id. at 598.
 
 
 10
 By referencing Anderson, the BIA sufficiently set forth its reasons for denying Cordova's request for suspension. See Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986).
 
 
 11
 Cordova did not present evidence of any hardships beyond the expected standard of living differential. Cordova testified the only hardship he would suffer was the possibility that he would not obtain a comparable salary in Mexico. He also testified that, if he was deported, his common law wife and children would accompany him to Mexico. Beyond the possibility that he would not obtain a comparable salary in Mexico, he testified his family would not suffer any other hardships if he was deported.
 
 
 12
 We have held that, to establish extreme hardship if deported,
 
 
 13
 the lower standard of living in Mexico ... simply [is] not sufficient. Economic disadvantage alone does not constitute "extreme hardship." The reduced job opportunities and lower standard of living that the petitioners will face upon deportation to Mexico do not rise to the level of "extreme hardship."
 
 
 14
 Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (internal citation omitted); see also Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996).
 
 
 15
 The BIA did not err by denying Cordova's request for suspension of deportation.[1]
 
 
 16
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we conclude the BIA did not err in determining that Cordova would not suffer extreme hardship, we do not address Cordova's argument that he is a person of "good moral character."