116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis A. MORENO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70674.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1997.**
Decided June 17, 1997.
 
 Before: CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luis A. Moreno petitions for review of the Board of Immigration Appeals' decision denying his request for suspension of deportation. The Board concluded that Moreno failed to demonstrate that deportation to Nicaragua would cause him extreme hardship. We agree. Moreno has shown nothing "unusual or beyond that which would normally be expected" from deportation. Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996) (internal quotation omitted).
 
 
 3
 Moreno contends that the Board failed to consider fully his "family-like" relationship to his girlfriend and her children. See Kahn v. INS, 36 F.3d 1412, 1414-15 (9th Cir.1994) (Board is not precluded from considering nonlegal relationships). The Board expressly stated that it considered the emotional hardships of Moreno's separation from his girlfriend and her children. It reasonably discounted the possibility of separation, however, because "these individuals do not appear to have any legal status in the United States and are natives and citizens, like [Moreno], of Nicaragua" who could return with Moreno to that country.
 
 
 4
 Moreno also complains that the Board failed to address the potential economic hardship of deportation. The Board acknowledged, however, that Moreno submitted evidence of "steady employment and payment of taxes," and that "financial impact of departure from this country" is a factor in determining extreme hardship. Perhaps more could have been said, but the record supports the INS's assertion that Moreno did not argue substantial economic hardship before either the Immigration Judge or the Board. Moreover, Moreno's circumstances demonstrate only the common economic results of deportation that are insufficient to establish extreme hardship. See Perez, 96 F.3d at 392.
 
 
 5
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3