117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus AGUIRRE-MORAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70596, Aqc-wki-oal.
 United States Court of Appeals,Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Asz-nbr-wkg.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Aguirre-Moran, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") order denying his application for suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 3
 We review for abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Although the BIA has the authority to construe "extreme hardship" narrowly, see INS v. Wang, 450 U.S. 139, 145 (1981) (per curiam), it must consider all factors bearing on extreme hardship. See Tukhowinich, 64 F.3d at 463.
 
 
 4
 Aguirre-Moran contends that the BIA erred by finding that he failed to establish extreme hardship based on his showing of economic deprivation. This contention lacks merit.
 
 
 5
 To qualify for suspension of deportation, an applicant must show that his deportation would result in extreme hardship to himself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. See 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). While some hardship necessarily flows from deportation, economic loss alone is insufficient to support a finding of extreme hardship. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1980). A potentially lower standard of living and fewer job opportunities do not amount to extreme hardship. See Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996).
 
 
 6
 Aguirre-Moran argues that he will not be able to provide the same level of financial support for his family if he returns to Mexico. However, lack of economic opportunities without evidence of a complete inability to secure any employment does not constitute extreme hardship. See Perez, 96 F.3d at 392; Ramirez-Durazo, 794 F.2d at 498. Aguirre-Moran acknowledged that his contacts in the United States may be able to find him employment in Mexico, albiet at a lower wage and potentially away from his hometown. See Perez, 96 F.3d at 392; cf, Santana-Figueroa v. INS, 644 F.2d 1354, 1358 (9th Cir.1981) (finding deprivation of means to survive constitutes more than economic loss). Moreover, other relevant factors support deportation: Aguirre-Moran owns no property in the United States and his wife and five children are Mexican citizens who reside in Mexico in a home he owns. See Watkins v. INS, 63 F.3d 844, 848 (9th Cir.1995) (stating that BIA must consider all factors relevant to hardship determination).
 
 
 7
 Aguirre-Moran also contends that the IJ erred by failing to consider specifically his inability to acquire lawful immigration status by another means when evaluating his hardships. The BIA, however, considered this issue and determined that weighing this factor with Aguirre-Moran's circumstances did not alter its ultimate decision on the extreme hardship issue. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995) (stating that any error committed by the IJ will be rendered harmless by the BIA's application of the correct legal standard).
 
 
 8
 We conclude that the BIA did not abuse its discretion by denying Aguirre-Moran's suspension of deportation request. See Tukhowinich, 64 F.3d at 463.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issues prior to April 1, 1997)