117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Avimael REGALADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70665, Abf-onj-khx.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Avimael Regalado, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") order denying his request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny the petition.[1]
 
 
 3
 We review for abuse of discretion the BIA's determination that an alien has failed to establish extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). When the BIA clearly incorporates the IJ's opinion, as the BIA did here, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1994). Failure by the IJ to consider all facts regarding extreme hardship or to articulate the reasons for its conclusions is an abuse of discretion. See Tukhowinich, 64 F.3d at 463.
 
 
 4
 Regalado contends that the BIA abused its discretion by finding that he would not suffer extreme hardship. This contention lacks merit.
 
 
 5
 To qualify for suspension of deportation, an alien must show, among other things, extreme hardship to the alien or to a qualifying relative. See 8 U.S.C. § 1254(a)(1). "Extreme hardship" is hardship that is "unusual or beyond that which would normally be expected" upon deportation. Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996) (citation and quotations omitted); see also Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) (requiring a showing of significant actual or potential injury). A potentially lower standard of living and fewer job opportunities in the alien's native country does not constitute extreme hardship. See Perez, 96 F.3d at 392; cf. Santana-Figueroa v. INS, 644 F.2d 1353, 1357 (9th Cir.1981) (holding that extreme hardship may be found where aged person with no other means of support would be unable to get work at all). Personal hardship flowing from economic detriment need not be considered where severe economic detriment has not been established. See Ramirez-Gonzalez, 695 F.2d 1208, 1211 (9th Cir.1983). Although special value to the community should be considered, see Gutierrez-Centeno v. INS, 99 F.3d 1529, 1534 (9th Cir.1996), severance of community ties is not in itself sufficient to constitute extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 6
 Here, the IJ considered all the relevant factors and supported its conclusions with reasoned explanations. See Tukhowinich, 64 F.3d at 465. The IJ correctly found that Regalado's anticipated difficulty finding work in Guatemala because of its economic conditions would not constitute extreme hardship. See Perez, 96 F.3d at 392. Although Regalado's ties with his church here would be severed, he would be able to continue his ties with a church of a similar denomination and his evangelical work in Guatemala. See Patel, 638 F.2d at 1205; but see Gutierrez-Centeno, 99 F.3d at 1534 (holding that BIA should consider fact that alien with special training in care of AIDS and Alzheimer's patients was working as a nurse's aide). Further, although Regalado would be leaving family members here, he would be reuniting with his parents and two siblings in Guatemala. See Ramirez-Durazo, 794 F.2d 491, 498 (9th Cir.1986) (noting that hardship would be alleviated by numerous relatives living in homeland). Moreover, the IJ was within his discretion in not directly addressing Regalado's testimony that supporting his elderly parents in Guatemala was important to him. See Ramirez-Gonzalez, 695 F.2d at 1211 (stating that personal hardship flowing from economic detriment may not be a factor when severe economic hardship has been established); cf. Tukhowinich, 64 F.3d at 464 (finding that unusual psychological ramifications of economic detriment existed where alien's primary reason for living was to support her family).
 
 
 7
 Because the IJ considered all relevant factors regarding extreme hardship and articulated the reasons for its conclusions, the BIA did not abuse its discretion in adopting the IJ's opinion and concluding that the deportation of Regalado would not cause extreme hardship. See Tukhowinich, 64 F.3d at 465.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 265, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)