119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Deo NARAYAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70436.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 22, 1997.
 
 1
 Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge.***
 
 
 2
 MEMORANDUM*
 
 
 3
 Deo Narayan petitions for review of a final order of deportation. He conceded deportability, but sought suspension of deportation under 8 USC § 1254(a)(1). An immigration judge denied the application on November 12, 1992. Narayan appealed to the BIA, which entered a final order of deportation on April 2, 1996. We have jurisdiction under 8 USC § 1105a.
 
 
 4
 Suspension of deportation is discretionary, and is available to an alien who satisfies three requirements: (1) seven years continuous presence in the United States; (2) good moral character; and (3) that deportation would cause extreme hardship to himself or his United States citizen spouse or child. 8 USC § 1254(a)(1). Narayan bore the burden of establishing that he was eligible for suspension of deportation. Ramirez-Durazo v. I.N.S., 794 F.2d 491, 497 (9th Cir.1986). The BIA ruled that Narayan was not eligible, because he did not show that his deportation would cause extreme hardship. We review the denial of suspension of deportation for abuse of discretion. Perez v. I.N.S., 96 F.3d 390, 392 (9th Cir.1996). We review factual findings for substantial evidence, and may reverse only if Narayan shows that the evidence "not only supports the conclusion [that the Board erred], but compels it." Fisher v. I.N.S., 79 F.3d 955, 961 (9th Cir.1996) (citations omitted).
 
 
 5
 The only evidence that Narayan or his family would suffer extreme hardship was his own testimony. The BIA correctly observed that that testimony was vague and conclusory. Further, the testimony related almost exclusively to economic detriment, which is insufficient to satisfy the requirements of § 1254. Ramirez-Durazo, 794 F.2d at 498. " 'Extreme hardship' is hardship that is unusual or beyond that which would normally be expected' upon deportation." Perez, 96 F.3d at 392 (quoting Hassan v. I.N.S., 927 F.2d 465, 468 (9th Cir.1991)). Narayan failed to show extreme hardship. Moreover, even under the less stringent standard that Narayan argues the Board should have applied, he did not carry his burden. There was no error.
 
 
 6
 The Board determined in the alternative that even if Narayan were eligible for suspension of deportation, it would not grant such suspension in its discretion. We have examined the record, and find no error. Denying suspension of deportation on the record before us was not an abuse of discretion.
 
 
 7
 The petition is DENIED.
 
 
 
 **
 The panel unanimously finds this case to be suitable for decision without oral argument. FRAP 34(a); 9th Cir.R. 34-4
 
 
 **
 * The Honorable Tom Stagg, Senior District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3