145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felicita ALVARADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71029.
INS No. Aog-czj-gzu.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1998.**
Decided May 1, 1998.
 
 Petition for Review of an Order of the Board of Immigration Appeals.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Felicita Alvarado, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's decision denying her application for suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1). The facts are known to the parties, and we shall not repeat them here.
 
 
 3
 * Alvarado claims that her daughter Rosbieth will suffer extreme hardship if she accompanies her mother to Mexico upon her mother's deportation. Alvarado maintains that, because Rosbieth has lived her entire life in the United States, Rosbieth will suffer "culture shock" if she is forced to move to Mexico and to attend Mexican schools. This assertion is not supported by the record. Rosbieth is being educated in Spanish as well as English, attends Mass in Spanish, and is acquainted with relatives living in Mexico. Any cultural adjustments that Rosbieth would have to make upon moving to Mexico do not constitute extreme hardship. The hardships faced by Rosbieth "with regard to adjusting to a new language, culture and educational environment are what would normally be expected with any child accompanying a deported alien to a foreign country." Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996).
 
 
 4
 Alvarado also argues that Rosbieth may experience hardship in the event Rosbieth remains in the United States after her mother is deported to Mexico. However, Alvarado fails to offer sufficient evidence of her intention to leave her daughter behind. In Perez v.. INS, 96 F.3d 390 (9th Cir.1996), we upheld the BIA's evidentiary requirement that a parent's claim that her child will remain in the United States when the parent is deported must be supported by an affidavit stating that the child will remain in the United States and that reasonable provisions will be made for the child's support. See id. at 393. We observed that "[s]uch a requirement tends to reduce, although perhaps not entirely eliminate, speculation that the claim of hardship resulting from family separation occasioned by deportation is being made merely for purposes of litigation." Id. It is undisputed that Alvarado did not submit any affidavit indicating her intention to leave Rosbieth in the United States. Indeed, both Felicita and Rosbieth testified at the deportation hearing that if Felicita is deported, Rosbieth will accompany her to Mexico.
 
 II
 
 5
 Alvarado next contends that her deportation would leave her unable to find employment and to support herself and her daughter economically in Mexico. Alvarado claims that her mother told her that she be unable to find work in her hometown of Jarostotitlan other than as a street vendor. However, Alvarado also testified that she intended to settle in Guadalajara because there are more opportunities there. Moreover, the record indicates that Alvarado worked in a bakery before leaving Mexico, suggesting that she would be able to find similar work upon her return. By her own account, Alvarado has not been to Mexico in seventeen years, and, aside from talking to her mother, has not made any effort to investigate her job prospects.
 
 
 6
 Economic detriment alone is insufficient to support a finding of extreme hardship. See Gutierrez-Centeno v. INS, 99 F.3d 1529, 1533 (9th Cir.1996). In light of Alvarado's inability to demonstrate that she would be unable to support herself and her daughter in Mexico, and her failure to investigate any job prospects she might have there, the BIA properly concluded that any economic difficulties that the Alvarados might experience did not constitute extreme hardship.
 
 
 7
 For these foregoing reasons, the petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3