Manuel Jesus VIZCARDO–LLAMAS, and Mercedes Del Pilar San-chezperez, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70713.

I & NS No. A73 419 850 A73–419–851.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided Oct. 10, 2001.

Before SCHROEDER, Chief Judge, WALLACE, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM *

Vizcardo–Llamas petitions for review of the decision of the Board, which dismissed his appeal from the immigration judge's decision that Vizcardo–Llamas was not eligible for asylum or withholding of deportation. The Board had jurisdiction pursuant to 8 C.F.R. § 3.1(b) and we have jurisdiction over the timely filed petition pursuant to 8 U.S.C. § 1105a(a). We grant the petition and remand to the Board for further consideration.

■ Whether we review the opinion of the Board or that of the immigration judge depends on the type of review the Board conducted. If it simply adopts the immigration judge's opinion, then we review the immigration judge's decision. *Gonzalez v. INS,* 82 F.3d 903, 907 (9th Cir.1996). Otherwise, we review only the Board's deci-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sion. *Id.* Reading the decision of the Board in context, it is clear that the Board conducted a de novo review of the immigration judge's decision. Thus, we review the decision of the Board, rather than that of the immigration judge. *Perez v. INS,* 96 F.3d 390, 392 (9th Cir.1996).

It is not clear to us that Vizcardo–Llamas has adequately raised the issue of past persecution in his notice of appeal or briefs before the Board. Fortunately, we need not decide this, as this petition can be disposed of by addressing his claim that he fears future persecution if he returns to Peru. The Board seems to have taken a similar position, based on its observation that respondent "failed to establish that a reasonable person in his position would [ ] fear persecution on account of" any enumerated factors upon his return to Peru.

■ The Board's decision relies primarily upon the lack of corroborative evidence. The Board followed its own precedent in holding that "the weaker an applicant's testimony on key points relating to an alleged fear of persecution, the greater the need for corroborative evidence of one kind or another, if such evidence is available." The principal case relied upon by the Board was *Matter of M–D–,* Interim Decision 3339 (BIA 1998). However, subsequent to the Board's decision, we decided *Ladha v. INS,* 215 F.3d 889, 901 (9th Cir.2000), specifically rejecting *Matter of M–D–.* *Ladha* held that an alien's unrefuted, credible, direct, and specific testimony sufficiently "establish[es] the facts testified without need for any corroboration." *Id.*

Thus, while *Matter of M–D–* can be read as a permissible analytical framework to apply in determining whether a petitioner

has provided sufficient evidence to demonstrate entitlement to his claim, and while *INS v. Aguirre–Aguirre,* 526 U.S. 415, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) has cautioned us to provide deference to the Board in a similar situation, this Court's decision in *Ladha* forecloses any such arguments in this case.

The petition for review is granted and the matter is remanded to the Board for further consideration in light of *Ladha v. INS.*

PETITION GRANTED AND CASE REMANDED.