Jose Elias **ESQUIVEL–GIL**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–72122.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 13, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Jose Elias Esquivel–Gil, Phoenix, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Edward C. Durant, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jose Elias Esquivel–Gil, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings due to ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of motions to reopen for abuse of discretion and review questions of law, including due process claims, de novo. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We grant the petition for review and remand for further proceedings.

█ The BIA applied the wrong standard in determining whether the performance of prior counsel resulted in prejudice to Esquivel–Gil. The BIA required Esquivel–Gil to demonstrate that he or his qualifying relatives would suffer extreme hardship upon Esquivel–Gil's deportation, *see* 8 U.S.C. § 1254(a)(1) (repealed 1997), when he need only demonstrate that the deficient performance by counsel may have affected the outcome of the proceedings, *see Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858–59 (9th Cir.2004) (per curiam) (BIA abused its discretion when it directly adjudged question of whether petitioners would win or lose claim when determining prejudice).

█ Esquivel–Gil's former counsel failed to submit evidence, available at the time, that his family would be separated and that separation would result in extreme hardship. *Cf. Perez v. INS,* 96 F.3d 390, 392 (9th Cir.1996) (a petitioner alleging family separation may be required to submit "proof that deportable parents will in fact separate from their citizen children").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because counsel failed to perform with sufficient competence, and because this may have affected the outcome of the proceedings, we grant the petition for review. We remand with instructions that proceedings be reopened, and Esquivel–Gil be given a new hearing on the merits of his application for suspension of deportation.

In light of our decision, we do not address Esquivel–Gil's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**