MEMORANDUM **
Miguel Duran and his two adult sons, Oscar and Miguel Enriquez, petition for review of the Board of Immigration Appeals’ decision summarily affirming and adopting the Immigration Judge’s denial of their applications for cancellation of removal under INA § 240A(b)(l), 8 U.S.C. § 1229b(b)(l). Although all three Petitioners satisfy the first three of the four requirements for such relief, the IJ determined that they failed to establish “that removal would result in exceptional and extremely unusual hardship” to their respective qualifying family members if they were removed to Mexico. Id. § 1229b(b)(l)(D). Miguel Duran’s mother is a lawful permanent resident; Oscar Enriquez is married to a permanent resident and has a U.S. citizen child who was three years old at the time of the IJ’s decision; and Miguel Enriquez is married to a U.S. citizen and has a U.S. citizen child who was two years old at the time of the IJ’s decision.
As the government points out, we lack jurisdiction to the extent Petitioners challenge the IJ’s application of the facts of their cases to the applicable law and its ultimate decision that they failed to prove exceptional and extremely unusual hardship, which are subjective and discretionary determinations. See INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); de Lourdes v. Mukasey, 539 F.3d 1102, 1106-07 (9th Cir.2008); Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005); Romero-Torres v. Ashcroft, 327 F.3d 887, 892 (9th Cir.2003). Nevertheless, we retain jurisdiction to review alleged constitutional violations or errors of law, including due process claims or claims that the IJ applied an incorrect legal standard. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); Figueroa v. Mu *399 kasey, 543 F.3d 487, 496 (9th Cir.2008); Martinez-Rosas, 424 F.3d at 930.
Petitioner Miguel Duran claims the IJ failed to consider both the economic and non-economic hardships his mother would suffer if he were removed to Mexico, citing Cerrillo-Perez v. INS, 809 F.2d 1419 (9th Cir.1987). Construing this as a claim that the IJ applied an incorrect legal standard, see Figueroa, 543 F.3d 487, 493-95 & n. 5, we conclude that Petitioner’s characterization of the IJ’s decision is unsupported by the record. The IJ did consider both economic and noneconomic factors, noting among other things that Petitioner’s mother “is in good health,” lives with Petitioner’s sister, and is not listed as a dependent on his tax return. To the extent that Petitioner is really claiming that the IJ abused its discretion by underestimating the hardships in this case or by misapplying the facts of his case to the applicable law, we lack jurisdiction. Id. at 493-95; de Lourdes, 539 F.3d at 1106-07; Martinez-Rosas, 424 F.3d at 930.
Regarding Petitioners Oscar and Miguel Enriquez, both claim that the IJ failed to consider the possibility of hardship caused by familial separation if they were to leave their respective wives and children in the United States upon their removal to Mexico. See Cerrillo-Perez, 809 F.2d at 1426; Bastidas v. INS, 609 F.2d 101, 104-05 (3d Cir.1979). As with Miguel Duran, to the extent Petitioners claim that the IJ abused its discretion by underestimating the hardships in this case or by misapplying the facts of his case to the applicable law, we lack jurisdiction, de Lourdes, 539 F.3d at 1106-07; Martinez-Rosas, 424 F.3d at 930. But even construing Petitioners’ argument as a claim that the IJ applied an incorrect legal standard, which we have jurisdiction to review, the claim still fails. Petitioners both testified that they had not considered whether their respective wives and children would remain in the United States if they were deported to Mexico. Thus, Petitioners “failed to establish an intent to separate, obviously an element of any claim of hardship due to family separation resulting from deportation.” Perez v. INS, 96 F.3d 390, 393 (9th Cir.1996); cf. Salcido-Salcido v. INS, 138 F.3d 1292, 1293 (9th Cir.1998) (distinguishing Perez and instead following Cerrillo-Perez because “Salcido specifically testified that if she were deported her children would not accompany her to Mexico”). Because Petitioners failed to present a claim of hardship based on familial separation, we reject the suggestion that the IJ implicitly adopted an incorrect legal standard by not addressing the issue.
PETITION DISMISSED IN PART AND DENIED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.