MEMORANDUM **
In these consolidated petitions for review, Eduardo Domingo Benedito and Yolanda Cirilo Benedito, husband and wife and natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals’ (“BIA”) orders dismissing their appeals from an immigration judge’s (“IJ”) decision denying their applications for cancellation of removal, and the BIA’s order denying them motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003), and review for abuse of discretion the denial of a motion to reopen, Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008). In No. 06-70943, we deny in part and dismiss in part the petition for review. In No. 06-72036, we deny the petition for review.
The agency did not err in requiring evidence in support of petitioners’ claim that their United States citizen daughter would remain in the United States if petitioners were removed to the Philippines. See Perez v. INS, 96 F.3d 390, 393 (9th Cir.1996). It follows that petitioners’ due process claim fails. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).
We lack jurisdiction to review the agency’s discretionary determination that petitioners did not demonstrate “exceptional and extremely unusual hardship.” See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). Because the hardship issue is dispositive, see 8 U.S.C. § 1229b(b)(l)(D), we do not reach petitioners’ contentions challenging the IJ’s denial of cancellation of removal as a matter of discretion.
The BIA did not abuse its discretion in denying petitioners’ motion to reopen where petitioners did not establish prima facie eligibility for adjustment of status. See Mendez-Gutierrez v. Gonzales, 444 F.3d 1168, 1171 (9th Cir.2006) (prima facie eligibility is established “where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied”).
No. 06-70943: PETITION FOR REVIEW DENIED in part; DISMISSED in part.
No. 06-72036: PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.