**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50203 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00628-JFW |
| v. | |
| VICTOR ALONSO HERNANDEZ, etc., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 12, 2011[**]
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON, Chief
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph R. Erickson, Chief District Judge for the U.S.
District Court for North Dakota, Fargo, sitting by designation.

Appellant Victor Alonso Hernandez claims that the district court erred in denying his motion to dismiss the charge that he unlawfully reentered the United States following his deportation. The district court held that Hernandez failed to show that his due process rights were violated by defects in the removal proceedings and even if they were so violated, Hernandez failed to show that he suffered any prejudice as a result. Hernandez then conditionally pled guilty to a single violation of 8 U.S.C. § 1326 pursuant to a plea agreement that specifically preserved his right to appeal the district court's denial of his motion to dismiss. The district court sentenced Hernandez to thirty-six months in prison. On appeal, Hernandez contends that: (1) he did not receive adequate notice regarding the potential effects of his advance parole; (2) the Immigration Judge (the "IJ") should have heard his request to renew his application for adjustment of status and seek relief under 8 U.S.C. § 1182(h)(2) (known as Section 212(h)); (3) the IJ should have advised him to seek a continuance of the removal proceedings because he may have later become eligible for relief; and (4) he demonstrated that he suffered prejudice as a result of these alleged due process violations. We affirm.[1]

The denial of a motion to dismiss an illegal reentry charge based on alleged

---

[1]     Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

due process defects in the underlying removal proceedings is reviewed *de novo*. *United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001).

First, Hernandez's claim that he did not receive adequate notice that his advance parole could impact his ability to seek adjustment of status at a deportation hearing fails because the Immigration and Naturalization Service (the "INS") correctly advised him that he could renew his application upon return from his advance parole and correctly advised him that he would be subject to removal if the application was denied during his absence. Hernandez has not shown that he was entitled to any further legal advice from the INS regarding the possible ramifications of accepting advance parole. *See Barney v. Rogers*, 83 F.3d 318, 320-21 (9th Cir. 1996).

Second, the IJ did not err in concluding that lacked jurisdiction to hear Hernandez's renewed application for adjustment of status or hear his claim for relief under Section 212(h). *See* 8 U.S.C. § 1182(h)(2). The applicable regulation at that time, former 8 C.F.R. § 245.2(a)(1), provided in relevant part that the IJ only had jurisdiction to hear a renewed adjustment application during the removal proceedings if the denied application was "properly filed subsequent to the applicant's earlier inspection and admission to the United States." Under the plain language of the governing statutes, 8 C.F.R. § 1245.2(a)(1) and 8 U.S.C. §

1182(h)(2), the IJ lacked jurisdiction to evaluate both Hernandez's renewed application and his Section 212(h) claim because he had entered the United States without inspection and admission. *See also Jiang v. Gonzales*, 425 F.3d 649, 652-53 (9th Cir. 2005) (finding that an IJ may only consider an arriving alien's renewed application during a removal hearing when the requirements of 8 C.F.R. § 1245.2(a) are met).

Third, Hernandez's argument that the IJ violated his due process rights by failing to advise him that he could seek a continuance of the proceedings fails because "an IJ's duty is limited to informing an alien of a reasonable possibility that the alien is eligible for relief at the time of the hearing." *United States v. Lopez-Velasquez*, 629 F.3d 894, 895 (9th Cir. 2010) (*en banc*). Hernandez was not eligible for any relief from the IJ at the time of the hearing because of his criminal convictions. Additionally, the IJ was not required to anticipate potential changed circumstances and continue the hearing so that Hernandez could seek Section 212(h) relief from the Attorney General. IJs are not required "to speculate about the possibility of anticipated changes of circumstances." *United States v. Moriel-Luna*, 585 F.3d 1191, 1197 (9th Cir. 2009).

Finally, even if Hernandez could demonstrate that his due process rights were violated, he would still have to demonstrate that he suffered prejudice as a

4

result.  Hernandez attempts to meet this burden by pointing to his closeness with his family, who are United States citizens, and the emotional and financial hardship they will suffer if separated from him.  However, the alleged hardships on Hernandez's family do not demonstrate an "extreme hardship" to a United States citizen sufficient to establish prejudice.  *See Perez v. INS*, 96 F.3d 390, 392 (9th Cir. 1996).

Accordingly, the district court's denial of Hernandez's motion to dismiss is **AFFIRMED**.