Idolina Garcia, Austin, TX, for Respondent–Appellee.

Before POLITZ, Chief Judge, and REYNALDO G. GARZA and DENNIS, Circuit Judges.

PER CURIAM:

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing on behalf of Richard Lara, the Petition for Panel Rehearing is GRANTED–IN–PART as is the Petition for Rehearing of Gary L. Johnson, Director of the Texas Department of Criminal Justice, as stated further below. No member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc filed by the Appellant, Richard Lara, the Suggestion for Rehearing En Banc in his behalf is DENIED.

Both the appellant and Appellee have called our attention to an error in the prior opinion with regards to Footnote 3 of the opinion. Footnote 3 is hereby revised from:

> Lara originally alleged that his rights to a speedy trial under the IAD were violated by Texas and California. On appeal, he only alleges this claim against Texas. Failure to brief an issue on appeal consti-

tutes waiver. *Koetting*, 995 F.2d at 38 n. 1.

Instead it will read:

> Lara originally alleged that his rights to a speedy trial under the IAD were violated by Texas and California. On appeal, he only alleges this claim against California. Failure to brief an issue on appeal constitutes waiver. *Koetting*, 995 F.2d at 38 n. 1.

**Iordan Nikolov STOYANOV, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 97–70045.**

United States Court of Appeals,
Ninth Circuit.

Argued June 4, 1998.

Decided July 24, 1998.

Peter Popov, Beverly Hills, California, for petitioner.

Donald M. Remy, Senior Counsel to the Assistant Attorney General, United States Department of Justice, Washington, DC, for respondent.

Before: O'SCANNLAIN, TROTT, and FERNANDEZ, Circuit Judges.

TROTT, Circuit Judge:

Iordan Nikolov Stoyanov petitions for review of an order by the Board of Immigration Appeals (BIA). The BIA dismissed Mr. Stoyanov's appeal of an immigration judge's denial of his application for asylum and withholding of deportation to Bulgaria. Because the BIA relied on flawed evidence in its decision, we grant the petition and remand for reconsideration.

■ When the BIA has independently reviewed an immigration judge's findings, we review the decision of the BIA not the immigration judge. *Perez v. INS*, 96 F.3d 390, 392 (9th Cir.1996). We review the BIA's decision for abuse of discretion. *Lopez–Galarza v. INS*, 99 F.3d 954, 960 (9th Cir.1996). We review the factual findings underlying the BIA's decision for substantial evidence. *Id.* at 958.

■ During Mr. Stoyanov's asylum hearing, the government introduced several pieces of evidence to counter Mr. Stoyanov's substantial testimony regarding persecution. One important piece of evidence was a report prepared by the Office of Asylum Affairs, Bureau of Democracy, Human Rights and Labor, U.S. State Department. The report was an individualized analysis of Mr. Stoyanov's case. It reads in relevant part:

> [Mr. Stoyanov] obtained a passport in March 1989 before parliament passed the basic passport law freeing up passport issuance. This unusual privilege was not open to persons in difficulty with the authorities.

The report is in error. Mr. Stoyanov did not receive a passport in March. He received a passport on October 3, 1989. That date is clearly stamped on his passport, a copy of which was given to the Office of Asylum Affairs. The error in the report, which the government now acknowledges, is attributable to an oversight on the part of that office.

In the United States, October 3, 1989, the date Mr. Stoyanov received his passport, is abbreviated "10/3/89." In Europe, however, the day precedes the number designating the month which, in turn, precedes the abbreviation for the year. Thus, in Europe, October 3, 1989 is abbreviated "3.10.89." The difference between notation forms was apparently overlooked by the Office of Asylum Affairs when it prepared its individual analysis of Mr. Stoyanov's asylum claim, leading that office to the mistaken conclusion that Mr. Stoyanov had received a passport in March instead of October.

We know that both the immigration judge and the BIA relied upon the report. The BIA said that "the respondent's ability to obtain a passport in 1989 was an unusual privilege not offered to persons in difficulty with the authorities as respondent claimed to

be." It appears that the Office of Asylum Affairs' report, with its mistaken and misleading conclusion, affected the BIA's opinion. Thus, we grant the petition and remand for reconsideration.

PETITION GRANTED.

FERNANDEZ, Circuit Judge dissenting:

Stoyanov asks us to focus upon the error in the State Department's letter to the exclusion of all of the other evidence adverse to his case. However, as I see it, the State Department's single misstatement of fact does not require granting of the petition. The State Department also pointed out that Stoyanov's beliefs are in the political mainstream in Bulgaria, that serious political opposition leaders now live tranquilly in Bulgaria, and that much has changed for the better in that country. Moreover, the BIA cited additional evidence, and put no undue weight on the then admitted fact that his obtaining of a passport in 1989 *was* an unusual privilege.

We are told in Stoyanov's brief, without citation to the record, that in October of 1989, when he actually got his passport, it was not difficult to obtain one. But his serious trouble with the authorities did not even commence until more than a year after that, when he was arrested for putting posters on government buildings. At any rate, he did not leave Bulgaria until December of 1990, and no steps were ever taken to relieve him of the passport or to prevent his exiting the country. Finally, his own brief to the BIA stated that he "left Bulgaria at a time when it was very unusual to obtain a passport." In other words, the error in question was not presented to the BIA; it was a nonissue. Stoyanov now acts as if the error were the linchpin of his case, but I do not believe that we should even consider an issue upon which Stoyanov actually misled the BIA. His approach was a far cry from presenting a question to the BIA for decision. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

Therefore, I respectfully dissent.