Salvador Antonio GOMEZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–71405.
I & NS A70–187–857.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2002.*

Decided March 19, 2002.

Before WARDLAW and W.
FLETCHER, Circuit Judges, and
FOGEL,** District Judge.

MEMORANDUM***

Petitioner Salvador Antonio Gomez petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his requests for asylum under Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), and withholding of de-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

portation pursuant to INA § 243(h), 8 U.S.C. § 1253(h) (repealed 1996). We have jurisdiction under INA § 106(a), 8 U.S.C. § 1105a(a), and we deny the petition.

Gomez's deportation proceedings were initiated before April 1, 1997 and the final deportation order was filed after October 30, 1996. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") therefore govern this case. *See* IIRIRA § 309(a), Pub. L. No. 104–208, 110 Stat. 3009, 3009–625 (1996); *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

■ Gomez contends that the BIA abused its discretion in failing to find that he qualified for asylum. *See Stoyanov v. INS*, 149 F.3d 1226, 1227 (9th Cir.1998) (reviewing the BIA's decision to grant or deny asylum for an abuse of discretion). However, the record supports neither a finding of past persecution nor a fear of future persecution. *See Navas v. INS*, 217 F.3d 646, 654 (9th Cir.2000) (asylum applicant must demonstrate either past persecution or good reason to fear future persecution). Gomez merely has alleged that he endured attempted recruitment by the military and threats by guerillas. He was never physically harmed by either the military or the guerilla forces. *See INS v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (attempted recruitment insufficient to prove persecution); *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (mere threats, in and of themselves, do not constitute past persecution). Thus, the BIA did not abuse its discretion in concluding that Gomez was not entitled to asylum relief or withholding of deportation. *Id.* at 483–84, 112 S.Ct.

812 (denial of asylum will be upheld unless the alien presents evidence "so compelling no reasonable factfinder could fail to find the requisite fear of persecution.").

■ Gomez next argues that he is entitled to protection under the Convention Against Torture[1] ("CAT"). We lack jurisdiction to review this claim because Gomez failed to seek timely review of the BIA's February 13, 2001 finding that he was ineligible for relief under CAT. *See Stone v. INS*, 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (IIRIRA § 309(c)(4)(C)'s statute of limitations acts as a jurisdictional bar.). Even if we had jurisdiction, we would reject this claim because Gomez has failed to establish by a clear probability that he would likely be harmed by anyone in El Salvador, and thus has failed to establish eligibility for CAT protection. *See* 8 C.F.R. §§ 208.18(a)(1), (a)(7) (Petitioner must establish by a clear probability that torture would be inflicted by a public official or a person acting in an official capacity.); *see also INS v. Stevic*, 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (Alien's application for CAT must be supported by evidence establishing that it is more likely than not that he would be subject to persecution.).

Gomez argues in the alternative that he is entitled to suspension of deportation or cancellation of removal. We lack jurisdiction to consider these arguments because Gomez failed to file a timely appeal of the BIA's February 13, 2001 determination that he had not demonstrated eligibility for suspension of deportation or cancellation of removal. *See* IIRIRA § 309(c)(4)(C).

■ Next, Gomez argues that this appeal should be stayed or remanded to the

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984).

BIA to determine whether he qualifies for temporary protected status ("TPS") pursuant to INA § 244, 8 U.S.C. § 1254a. This claim is meritless, however, because the statute does not confer jurisdiction enabling either the IJ or the BIA to hear Gomez's claim for TPS. *See* 8 U.S.C. § 1254a(b)(5)(A). Moreover, it is unclear whether Gomez has even applied for TPS.

█ Gomez also presents claims of due process violations for the first time on appeal. Because his due process claims are essentially procedural matters that could have been raised before the BIA, we lack jurisdiction to hear them. *See Vargas v. INS,* 831 F.2d 906, 907 (9th Cir.1987) (no jurisdiction to hear due process claims concerning procedural errors correctable by the BIA).

Gomez contends that "firm resettlement" was not established by the government. Because "firm resettlement" is not at issue, we treat Gomez's contention as an argument that his internal relocation within El Salvador is not an option. We need not reach this question, however, because Gomez has failed to establish past persecution. *See Singh v. Ilchert,* 69 F.3d 375, 379–81 (9th Cir.1995) (government has the burden to show that internal relocation is possible after petitioner demonstrates past persecution).

Lastly, Gomez argues that he is entitled to attorney's fees. Because each of Gomez's claims is without merit, we reject this claim. *See* 28 U.S.C. § 2412; 5 U.S.C. § 504.

**PETITION DENIED.**